OLYMPIC SILK MILLS, INCORPORATED, A CORPORATION, APPELLANT, v. WASHINGTON PIECE DYEING AND FINISHING COMPANY, INCORPORATED, A CORPORATION, RESPONDENT.

Submitted January 26, 1929—Decided July 25, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Hudson & Joelson* (*Addison P. Rosenkrans,* of counsel).

For the respondent, *Abram I. Bluestein.*

PER CURIAM.

This is plaintiff's appeal from a judgment of the Passaic County Circuit Court in favor of the defendant in an action of replevin.

The plaintiff delivered to the defendant certain silk goods for dyeing purposes. The defendant dyed the goods and returned them to the plaintiff. Subsequently the plaintiff shipped other goods to the defendant for dyeing. Thereafter the plaintiff demanded the return of the latter goods, and the defendant demanded payment for the dyeing theretofore done for the plaintiff, setting up its lien under the Dyers' Lien act.

In his opening the plaintiff's attorney admitted dyeing charges of the defendant, Washington Piece Dyeing and Finishing Company, Incorporated, in the sum of $5,391.78, but claimed that on previous shipments the dyeing had been imperfect to the plaintiff's loss of $3,757.63, leaving a balance of $1,634.15, which he said defendant had refused to receive.

On this opening a motion was made for a directed verdict in favor of the defendant on the ground that the plaintiff had admitted dyeing charges to the extent of $5,391.78, for which charges the defendant was asserting its right to possession under the Dyers' Lien act, which motion was granted.

We think that the trial court properly directed a verdict in favor of the defendant for the reason that, as we think, the Dyers' Lien act entitled the defendant to possession of the goods for an undisputed amount of dyeing charges.

Section 2 of chapter 288 of laws of 1926 reads as follows:

"All persons or corporations engaged in the business of spinning, throwing, manufacturing, bleaching, mercerizing, dyeing, printing, finishing, dressing or scraping linen, cotton, wool, silk, artifiicial silk, skins, pelts, furs or hides or goods of which linen, cotton, wool, silk, artificial silk, skins, pelts,

furs or hides form a component part, shall be entitled to a lien upon the goods or property of others that may come or may have come into their possession for the purpose of being spun, thrown, manufactured, bleached, mercerized, dyed, printed, finished, dressed or scraped for the amount that may be due to them from the owners of such linen, cotton, wool, silk, artificial silk, skins, pelts, furs or hides for a component part by reason of any work or labor performed or material furnished in and about the spinning, throwing, manufacturing, bleaching, mercerizing, dyeing, printing, finishing, dressing or scraping or otherwise treating or processing of the same or other goods of such owner or owners."

In other words, the statute confers upon the dyer an unequivocable lien upon goods in his possession to the extent of "the amount that may be due * * * by reason of * * * dyeing (the goods in possession) or other goods of such owner," &c.

But if we are wrong in our construction of the statute or as to its application to the opening of the attorney of the plaintiff, still we do not perceive that the plaintiff can be heard to complain, and for this reason: It appears that the goods in question had been taken into possession by the plaintiff, and, after direction of a verdict for the defendant, proceedings were had on a writ of inquiry, and it is stipulated that thereupon the attorney then representing the plaintiff agreed "that the amount of damages to be assessed is the amount for dyeing due and owing * * *, being $5,391.78, and interest charges being $296.45, making a total amount of $5,688.23, and costs in the replevin suit being assessed at the amount of $43.93, making a total amount of costs and damages of $5,732.16, and agrees that a rule for judgment in this amount be entered."

Now when we look at the judgment from which this appeal is taken we find that it is entered in strict accordance with the stipulation set forth.

The judgment will be affirmed, with costs.