SOLOMON, LITWACK & SILVER, INC., Plaintiff, *v.* A. HOLLANDER & SON and Others, Defendants.

City Court of New York, New York County, August 5, 1932.

*Maurice Rose,* for the plaintiff.

*Tolleris & Gluskin,* for the defendants.

SCHIMMEL, J. Plaintiff seeks the return of its property conditionally delivered to the defendants M. Kirschner & Son, who thereafter delivered the same to the defendant A. Hollander & Son, Inc., to be dressed and dyed. The latter asserts an artisan's lien thereon under the New Jersey Lien Law for an antecedent indebtedness for services performed for M. Kirschner & Son upon

*other* goods no longer in its possession and for which credit was extended. Plaintiff challenges the right to establish a lien in this manner, and also claims that the artisan waived its lien because of the extension of credit.

The New Jersey statute referred to is commonly known as the Processors' and Dyers' Lien Act (Comp. St. N. J. Supp. § 116— 80 *et seq.*) and provides that all persons engaged in the business of processing or dyeing furs shall be entitled to a lien upon the goods or property of others that come into their possession for the purpose of being processed or dyed for the amount that may be due to them from the owners of such goods by reason of any labor performed or material furnished in and about the processing or dyeing of the same or *other* goods of such owners. Its evident purpose was to enable such artisan to preserve his lien though credit was extended and when extinguished by surrender of possession to revive it in relation to *other* goods which are in or may come into the possession of the lienor. In *Olympic Silk Mills, Inc., v. Washington Piece Dyeing & Finishing Co., Inc.* (147 A. 47; 7 N. J. Misc. 680), the defendant dyed for and returned to the plaintiff certain goods; thereafter the plaintiff shipped other goods to the defendant for dyeing; defendant refused to return the latter goods after demand made, claiming a lien under the Processors' and Dyers' Lien Act for the unpaid dyeing previously done. The court, affirming the judgment rendered for the defendant in an action in replevin, held that the statute conferred upon the artisan " an unequivocal lien upon goods in his possession to the extent of ' the amount that may be due * * * by reason of * * * dyeing (the goods in possession) or other goods of such owner,' etc."

The motion herein to strike out the defense is denied. The motion to strike out the phrase " which Marmot skins were the property of said M. Kirschner & Son " from paragraph tenth of the answer is denied. The use of the phrase cannot prejudice the plaintiff. It is not necessarily an affirmation of an exclusive title in Kirschner, but is to be construed as an allegation of a lawful possession in Kirschner at the time of the delivery to Hollander sufficient to furnish the foundation for a lawful artisan's lien. Order signed.